UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division
Case Number: 07-14323-CIV-MARTINEZ-LYNCH

CENTER CAPITAL CORPORATION,
    Plaintiff,

vs.

WALTER K. BYNUM,
    Defendant.
_____/

## ORDER GRANTING CENTER CAPITAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT

This cause came before the Court upon Plaintiff Center Capital Corporation's Motion for Summary Judgment **(D.E. No. 30)**. Plaintiff Center Capital Corporation ("Plaintiff") filed suit against Defendant Walter K. Bynum ("Defendant"), alleging breach of a guaranty agreement. This Court has diversity jurisdiction over this action. After careful consideration, the Court grants Plaintiff's motion for summary judgment.

### I. Relevant Factual and Procedural Background

On July 14, 2005, Plaintiff, a Connecticut corporation, entered into Master Loan and Security Agreement No. 47517 with non-party, Big Johnson Concrete Pumping, Inc. ("BJCP"). On July 17, 2005, Plaintiff and Defendant executed a Continuing Guaranty, guaranteeing the obligations of BJCP to Plaintiff. *See* (D.E. No. 37-2). Defendant guaranteed any "leases, loans," or other extensions of credit "evidenced by contracts executed on or after the date of the Guaranty" and guaranteed "prompt payment of all indebtedness." *Id*. On July 17, 2005, Plaintiff also entered into three loan schedules with BJCP which provided that Plaintiff would finance the purchase of certain equipment and obtain a purchase money security interest in the same specific

equipment.  *See* (D.E. No. 30-2, Exh. B at 1, Exh. C at 1, and Exh. D at 1).  In return, BJCP agreed to pay Plaintiff back with interest by making monthly installment payments.  *See id*.

BJCP has failed to make monthly installment payments due and owing under these three loan schedules since May 15, 2007.  (D.E. No. 30-2 at 16).  Plaintiff has demanded payment of the amount due and owing from Defendant pursuant to the Continuing Guaranty; however, Defendant has refused to make payment *Id*. at 18.

Plaintiff filed suit on October 23, 2007 and now moves for summary judgment, arguing that Defendant has breached the Continuing Guaranty by failing to make the payments due from BJCP under the loan schedules.  After careful consideration, this Court grants Plaintiff's Motion for Summary Judgment.

## II.  Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.  *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S. at 586.  It is "material" if it might affect the outcome of the case under the governing law.

*Anderson*, 477 U.S. at 248.  In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party.  *Id*. at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment.  *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991).  The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc*., 931 F.3d 1472, 1477 (11th Cir. 1991)). *See also* Fed. R. Civ. P. 56(e).

### III. Analysis

In this diversity case, this Court "must apply the substantive law of the forum state, Florida." *LaFarge Corp. v. Travelers Indem. Co*., 118 F. 3d 1511, 1515 (11th Cir. 1997).  This includes "the forum state's conflicts of law rules." *Id*.  Here, the Continuing Guaranty at issue contains a choice of law provision, stating that it is to be "governed, construed and interpreted as to validity, enforcement and in other respects . . . by the laws of the State of Connecticut."  (D.E. No. 37-2 at 2).  "Florida courts are obligated to enforce choice-of-law provisions unless a showing is made that the law of the chosen forum contravenes strong public policy or that the clause is

otherwise unreasonable or unjust." *Gilman+ Ciocia, Inc. v. Wetherald*, 885 So.2d 900, 902 (Fla. 4th DCA 2004).  In this case, no such showing has been made; therefore, the choice of law provision in the contract is valid and the law of Connecticut must be applied.

Under Connecticut law, to prevail on a breach of contract claim, a plaintiff must prove "(1) the formation of an agreement, (2) performance by one party, (3) breach of the agreement by the opposing party and (4) damages." *McCann Real Equities Series XXII, LLC, v. David McDermott Chevrolet, Inc.*, 93 Conn. App. 486, 503 (2006).[1]  Plaintiff has demonstrated all of these elements, and there are no genuine issues of material fact.

Plaintiff has provided the Court with the Continuing Guaranty signed by both parties. Moreover, Defendant has admitted that he entered into this agreement.  *See* (D.E. No. 21 at ¶ 1). Thus, it is undisputed that the parties had an agreement.  In addition, Plaintiff has offered evidence that it performed its part of the agreement.  *See* (D.E. No. 30-2 at ¶¶ 11, 13, and 18). Plaintiff has also offered evidence that Defendant has breached this agreement and that it has been damaged.  *See* (D.E. No. 30-2 at ¶¶ 17, 18, 19, 21, 23, 26, and 27).

Defendant has not offered any evidence to demonstrate that a triable issue of fact remains. In fact, Defendant has failed to file a response to Plaintiff's motion for summary judgment.  On August 15, 2008, the Court held a hearing on Plaintiff's motion for summary judgment, which Defendant failed to attend.[2]  Accordingly, it is hereby:

---

[1] Although Connecticut law applies, a breach of contract claim under Florida law requires a plaintiff to prove the same elements. *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006).

[2] In addition, Plaintiff's statement of material facts are deemed admitted as the Court finds Plaintiff's statement is supported by evidence in the record, and Defendant has failed to controvert this statement. *See* S. D. Fla. Local Rule 7.5(D).

**ORDERED AND ADJUDGED** that

1.  Plaintiff Center Capital Corporation's Motion for Summary Judgment **(D.E. No. 30)** is **GRANTED**. A final judgment shall be entered by separate order.[3]

2.  This Case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 11 day of September, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record

---

[3] Plaintiff may file a motion for attorney's fees and costs, which this Court shall give due consideration.